NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1045

OLD WHARF VILLAGE, LLC

vs.

MARK Y. GUESS & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Old Wharf Village, LLC, filed a verified complaint seeking a declaratory judgment regarding its ownership rights in, and to quiet title to, twenty-nine parking spaces over which the defendants, through nine unit deeds, claim to have been granted easements.  Nearly a year later, the plaintiff filed a motion for the endorsement of a memorandum of lis pendens.  The defendants opposed the motion, and many of the defendants also filed a special motion to dismiss the complaint under G. L. c. 184, § 15 (c).  After a combined hearing on the

_____

        [1] Kristin S. Guess, Lucia Caputo, William D. Reilly, Anna B. Reilly, Martha Raymond, Mark F. Gorny, Susan E. King-Gorny, Huron Properties, Inc., Timothy Hurley, Gail Hurley, Wendy Levine, and Tara Bergeron.

motions, a Land Court judge denied the defendants' special motion to dismiss and allowed the plaintiff's motion for a memorandum of lis pendens.  The defendants who filed the special motion to dismiss then filed this interlocutory appeal, see G. L. c. 184, § 15 (d), arguing that the judge should have dismissed the action as frivolous.  We affirm.

Discussion.  General Laws c. 184, § 15 (c), "contains a mechanism for expedited removal of an unjustified lis pendens, including dismissal of frivolous claims supporting an approved lis pendens."  Wolfe v. Gormally, 440 Mass. 699, 705 (2004).  To prevail on a special motion to dismiss under this statute, the defendant must show, by a preponderance of the evidence, "that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds."  G. L. c. 184, § 15 (c).  See Ferguson v. Maxim, 96 Mass. App. Ct. 385, 390 (2019).  On appellate review, we examine "the same factors properly considered by the judge in the trial court in the first instance."  Galipault v. Wash Rock Invs., LLC, 65 Mass. App. Ct. 73, 82 (2005).  The judge's "conclusions of law are subject to broad review," and we may draw our own conclusions from the documentary evidence in the record.  Id.

The defendants-appellants claim that the action is frivolous because their unit deeds describe the parking easements with sufficient specificity to effect their conveyance. See Parkinson v. Assessors of Medfield, 395 Mass. 643, 645 (1985), quoting Dunlap Investors, Ltd. v. Hogan, 133 Ariz. 130, 132 (1982) ("While no particular words are necessary for the grant of an easement, the instrument must identify with reasonable certainty the easement created and the dominant and servient tenements"). While this argument may be relevant to the relief ultimately granted, we need not address it on the merits, as its outcome is not dispositive of the special motion to dismiss.

In count I of the verified complaint, the plaintiff seeks to obtain a declaratory judgment as to its "ownership rights" in the twenty-nine parking spaces, and in count II to quiet its "title and/or right" to such spaces. Accordingly, the relevant question is whether the requisite factual and legal support exists for the claims of (1) an "actual controversy" over the parties' rights in the twenty-nine parking spaces, see Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins., 373 Mass. 290, 292 (1977), quoting G. L. c. 231A, § 1; and (2) the plaintiff's rightful legal title over

3

such spaces, see McCartin Leisure Indus., Inc. v. Baker, 376 Mass. 62, 66 (1978). See Ferguson, 96 Mass. App. Ct. at 390.

Even if we were to agree with the defendants-appellants' argument that the unit deeds describe the easements with sufficient specificity, which we need not and do not decide, we would not disturb the judge's ruling. This is due to the interaction of two points: (1) there is reasonable factual support, and an arguable basis in law, for the conclusion that the nine unit deeds granted easements for the use of specific, designated parking spaces,[2] and that the total number of such assigned spaces is less than twenty-nine,[3] see McLaughlin v. Selectmen of Amherst, 422 Mass. 359, 364 (1996) ("We construe the scope of an easement from the parties' intent, which we

---

[2] For example, all nine of the unit deeds purport to convey an "exclusive right" to use a designated parking space or spaces. The defendants-appellants claim that they "obtained the exclusive right to use any of [the] parking spaces shown on the site plan" (emphasis added), but we need not reach the merits of this issue. At least some reasonable factual support exists for the conclusion that easements were granted with a scope limited to specific, designated parking spaces. See Ferguson, 96 Mass. App. Ct. at 390.

[3] Three of the nine unit deeds expressly refer to the use of "one (1) parking space." For the remaining six unit deeds, which refer to an unspecified number of "parking space(s)," the affidavit of the plaintiff's realtor, Monica Smith, provides at least some reasonable factual support for the conclusion that the parties intended for the one-bedroom units to be sold with one parking space and for the two-bedroom units to be sold with two parking spaces.

4

ascertain from the relevant instruments and the objective circumstances to which they refer"); and (2) the parties do not dispute that, to date, the plaintiff has not granted easements over any specific parking spaces.

Because of the first point, sufficient factual and legal support exists for the plaintiff's claims of an actual controversy regarding its ownership of, and rightful legal title to, at least a portion of the twenty-nine parking spaces at issue; and because of the second point, those parking spaces cannot be specifically identified. Therefore, neither of the plaintiff's claims are devoid of reasonable factual support, nor an arguable basis in law, with respect to any particular parking space or unit deed.[4] Accordingly, the June 25, 2024, order denying the defendants' special motion to dismiss is affirmed.[5]

<u>So ordered</u>.

By the Court (Meade,
  Hodgens & Toone, JJ.[6]),

Clerk

Entered:  May 2, 2025.

---

[4] In so concluding, we express no view on the merits of either party's position.

[5] The plaintiff's request for appellate costs and fees is denied.

[6] The panelists are listed in order of seniority.

5